IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | NO. |
| v. | |
| KYLE SCOTT BOYD<br>   a.k.a.  KYLE SCOTT BYRD | 3-16CR-0341L |

## FACTUAL RESUME

Defendant Kyle Scott Boyd, a.k.a. Kyle Scott Byrd (Boyd), Michael A. Villa, Jr., the defendant's attorney, and the United States of America agree that the following is true, correct, and can be used to support Boyd's plea of guilty to Count One of the Information:

### ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the Information, a violation of 26 U.S.C. § 7206(1), that is, Making and Subscribing a False Return, the government must prove each of the following elements beyond a reasonable doubt:

*First*: That the defendant signed an income tax return that contained a written declaration that it was made under penalties of perjury;

*Second*: That in this return the defendant falsely stated the total amount of his taxable income and that his income was derived from "insurance license rental" rather than insurance commissions;

*Third*: That the defendant knew the statement was false;

*Fourth*: That the false statement was material; and

*Fifth*: That the defendant made the statement willfully, that is, with the intent to violate a known legal duty.

Factual Resume - Page 1

## STIPULATED FACTS

The parties agree that the following is a true statement of the facts relevant to the offense conduct of the defendant and that the United States would be prepared to submit evidence of the same:

1. During a period of years that included at least tax years 2007, 2008, and 2009, defendant Kyle Scott Boyd was an insurance agent licensed to sell insurance in Texas as well as several other states. Boyd, a resident of Dallas, Texas, was the owner and operator of Insurance 3 Group, Inc., an insurance business located in Dallas, Texas, in the Dallas Division of the Northern District of Texas.

2. During tax years 2008 and 2009, Boyd, through Insurance 3 Group, Inc., received income in the form of insurance commissions totaling approximately $526,465 and $572,942, respectively, paid by insurance companies that included (but was not limited to) the following: Progressive County Mutual Insurance; Progressive Casualty Insurance Company; Travelers; Hartford Fire Insurance Company; American States; Dairyland County Mutual; ASI Underwriters of Texas; South & Western General Agency, Inc.; Safeco Insurance Company; and several others.

3. The majority of the commissions described above were deposited into Amegy Bank account number xxxx7397 held by Insurance 3 Group, Inc., for which Boyd was the sole signatory during at least tax years 2007 to 2009. Throughout those years, Boyd used the funds in the Amegy account for both personal and business expenses.

4. On or about September 2, 2010, Boyd filed United States Individual Tax Returns, Forms 1040, for tax years 2008 and 2009, in connection with obtaining financing for his residence in Dallas, Texas. Prior to September 2, 2010, Boyd had not filed any tax returns on behalf of Insurance 3 Group, Inc. nor individual tax returns for the tax years 2007 through 2009. On both his 2008 and 2009 individual tax returns, Boyd filed Schedule C forms identifying his source of income as "insurance agent license rental" and reporting $12,000 in income for tax years 2008 and 2009. In reality, Boyd had not rented out his insurance agent license, and he received income in the form of insurance commissions totaling the amounts set forth in paragraph 2, above. Based on bank records from Insurance 3 Group, Inc.'s Amegy account xxx7397, credit card records, and information obtained from Boyd, Boyd's business expenses totaled: (a) for tax year 2008, approximately $371,591, leaving a net business income of approximately $154,874; and (b) for tax year 2009, approximately $349,670, netting business income of approximately $223,272. The resulting tax loss totals $43,364 for tax year 2008 and $62,516 for tax year 2009.

5. Boyd admits that, in the Dallas Division of the Northern District of Texas, he willfully made and subscribed United States Individual Tax Returns, Forms 1040, for tax years 2008 and 2009, which were verified by a written declaration that they were made under the penalties of perjury and filed with the Internal Revenue Service, which said income tax returns Boyd did not believe to be true and correct as to every material matter in that Boyd falsely reported that his income was derived from "insurance agent

license rental" and falsely reported that such income totaled $12,000.00, when in truth and fact, as he then well knew and believed, the income he received consisted of insurance commissions, and he falsely omitted said insurance commissions he had received during tax years 2008 and 2009.

6. Boyd and the government stipulate that $105,880 is the accurate and appropriate total tax loss for both for restitution purposes and for the calculation of the appropriate guideline range under the United States Sentencing Guidelines.

7. As essential elements to establish the guilt of the defendant for a violation of 26 U.S.C. § 7206(1), Boyd agrees that on or about the date and location alleged in Count One of the Information:

1. the defendant signed an income tax return that contained a written declaration that it was made under penalties of perjury;

2. in this return the defendant falsely stated the source of his income and the total amount of his taxable income;

3. the defendant knew these statements were false;

4. the false statements were material; and

5. that the defendant made the statement willfully, that is, with the intent to violate a known legal duty.

This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count One set forth in the Information.

The above facts are true and correct:

_____  
LORI WALKER  
Assistant United States Attorney

July 26, 2016  
Date

_____  
KYLE SCOTT BOYD  
Defendant

7/27/16  
Date

_____  
MICHAEL A. VILLA, Jr.  
Attorney for Defendant

7/27/16  
Date